

**FILED**
September 26, 2024 01:03 PM
ST-2023-CR-00066
**TAMARA CHARLES**
**CLERK OF THE COURT**

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**
**\*\*\***

| | | |
|---|---|---|
| PEOPLE OF THE VIRGIN ISLANDS, | | ) CASE NO. ST-2023-CR-00066 |
| | | ) |
| | | ) 14 V.I.C. §§ 921, 922(a)(3), 331(1), 11(a) |
| | | ) 14 V.I.C. §§ 2251(a)(2)(B), 11(a) |
| | | ) 14 V.I.C. §§ 297(a)(2), 11(a) |
| | Plaintiff, | ) 14 V.I.C. §§ 2251(a)(2)(B), 11(a) |
| | | ) 14 V.I.C. §§ 1508(a), 11(a) |
| vs. | | ) 14 V.I.C. §§ 625(a), 11(a) |
| | | ) 14 V.I.C. §§ 2253(e)(1), 331(1), 11(a) |
| | | ) 14 V.I.C. §§ 2253(e)(1), 11(a) |
| JA'HAILE CLENDINEN, | | ) 14 V.I.C. §§ 2253(f), 11(a) |
| | | ) 14 V.I.C. §§ 2253(a), 11(a) |
| | | ) 14 V.I.C. §§ 2256(a)(3), 11(a) (3 Counts) |
| | | ) 19 V.I.C. § 604(a)(1)(b)(5), 14 V.I.C. § 11(a) |
| | Defendant. | ) 19 V.I.C. § 604(a)(1), 14 V.I.C. § 11(a) |
| | | ) 19 V.I.C. § 630(a), 14 V.I.C. § 11(a) |

Cite as 2024 VI Super 33U

## MEMORANDUM OPINION AND ORDER

¶1 **THIS MATTER** is before the Court on:

1. Motion To Dismiss Count 25 Of The Information: Defendant Ja'Haile Clendinen, filed April 25, 2023;

2. Motion To Dismiss Count 26 Of The Information: Defendant Ja'Haile Clendinen, filed April 18, 2023;

3. The People's Opposition To Defendant's Motions To Dismiss Count 25 and 26, filed May 5, 2023; and

4. Defendant's Reply To People's Opposition To Motion To Dismiss Counts 25 and 26: Defendant Ja'Haile Clendinen, filed June 23, 2023.

¶2 The Court will deny Defendant's Motions as the Court does not find either statute in Count 25 or Count 26 to be so vague that it is void.

### I. INTRODUCTION

¶3 Defendant Ja'Haile Clendinen ("Clendinen") moves this Court to dismiss Count 25 and Count 26 of the Information against him pursuant to Virgin Islands Rule of Criminal Procedure

12(b)(3)(B)(v) for failure to state an offense. Clendinen argues that the Counts are unduly vague. Count 25 charges a violation of V.I. CODE ANN. tit 14, § 2253(f)—Unauthorized Possession Of A Firearm Within One Thousand Feet Of A School. Count 26 charges a violation of 14 V.I.C. § 2253(a)—Unauthorized Possession Of A Firearm.

¶4      Clendinen argues that Count 25 fails to put him on notice of the sentencing range and maximum period of incarceration he faces as the statute provides several different penalties "without any guidance as to how to punish a defendant convicted under the statute."[1] Clendinen argues that there is no maximum sentence for § 2253(a) and that § 2253(f) incorporates "six different possible maximum punishments" – those of §§ 2253(a)-(b) and those of §§ 2256(a)-(b).[2] Clendinen argues that Courts can only make procedural, not substantive rules, and thus cannot explicitly or implicitly craft the sentencing ranges, and argues that the ranges provided in the statute are a "ridiculously confusing setup."[3] Clendinen also argues that the rule of lenity supports a finding in his favor as the statutes are "ambiguous" and lastly that his attorney needs to know what the minimum or maximum potential for his loss of freedom is so that he can fulfill his legal and moral responsibilities to his client.[4] Clendinen makes similar arguments regarding Count 26— chiefly that it fails to provide a maximum incarceration range.[5]

¶5      The People argue that § 2253(a) can be interpreted *in pari materia*[6] to "set a maximum of twenty (20) years or the maximum allowable when aggravating factors are present."[7] The People then argue that because § 2253(f) doubles the penalty, Clendinen faces forty (40) years as the maximum. The People point to *Wallace v. People*[8] for the guidance that statutes should be interpreted *in pari materia*.[9] The People point to *McIntosh v. People*[10] for the assertion that when a general and specific act address the same subject matter, they should "be harmonized if possible."[11] The People therefore reject Clendinen's contention that the statute should be invalidated for not holding a maximum sentence.

¶6      Clendinen replies that the non-aggravated punishment for violation of § 2253(a) states that it is "not less than 10 years" and that "[n]othing in this language suggests a 20-year maximum period of incarceration."[12] Clendinen asserts that the cases cited by the People are either inapposite or support his position.[13] Clendinen avers that the People have waived any opposition to his other

---

[1] Def.'s Count 25 Mot. 4.

[2] Def's Count 25 Mot 2-3.

[3] Def.'s Count 25 Mot. 6.

[4] Def.'s Count 25 Mot. 8-9.

[5] Def.'s Count 26 Mot. 3

[6] *In pari materia*, BLACK'S LAW DICTIONARY (12th ed. 2024) (1. adj. On the same subject; relating to the same matter. It is a canon of construction that statutes that are *in pari materia* may be construed together, so that inconsistencies in one statute may be resolved by looking at another statute on the same subject.")

[7] People's Opp'n 1.

[8] 71 V.I. 703 (V.I. 2019).

[9] *Id.* at 763.

[10] 57 V.I. 669 (V.I. 2012).

[11] *Id.* at 685.

[12] Def.'s Reply 2.

[13] Def.'s Reply 3.

*People of the Virgin Islands v. Ja'Haile Clendinen*
Case No. ST-2023-CR-00066
**Memorandum Opinion and Order**
Page 3 of 7

2024 VI Super 33U

arguments by not addressing them.[14] Lastly, Clendinen believes that the People have not offered a reasonable construction of either statute.[15]

## II.   LEGAL STANDARD

### A. Sections 2253(a)-(b), 2253(f), and 2256(a)-(b)

¶7    Title 14, sections 2253(a) and 2253(f) of the Virgin Islands Code state, respectively:

(a) Whoever, unless otherwise authorized by law, has, possesses, bears, transports or carries either, actually or constructively, openly or concealed any firearm, as defined in Title 23, section 451(f) of this code, loaded or unloaded, may be arrested without a warrant, and shall be sentenced to imprisonment of not less than ten years and shall be fined not less than $10,000 nor more than $15,000 or both the fine and imprisonment, except that if such person shall have been convicted of a felony in any state, territory, or federal court of the United States, or if such firearm or an imitation thereof was had, possessed, borne, transported or carried by or under the proximate control of such person during the commission or attempted commission of a crime of violence, as defined in subsection (d) hereof, then such person shall be fined $25,000 and imprisoned not less than fifteen (15) years nor more than twenty (20) years. The foregoing applicable penalties provided for violation of this section shall be in addition to the penalty provided for the commission of, or attempt to commit, the felony or crime of violence.

(b) Whoever, unless otherwise authorized by law, has, possesses, bears, transports or carries either, actually or constructively, openly or concealed any machine gun, assault rifle or sawed-off shotgun, as defined in subsection (d)(2) and (3) of this section, loaded or unloaded, may be arrested without a warrant, and shall be sentenced to imprisonment of not less than fifteen years nor more than twenty years and shall be fined $25,000, except that if such person shall have been convicted of a felony in any state, territory or federal court of the United States, or if such machine gun, assault rifle or sawed-off shotgun or an imitation thereof was held, possessed, borne, transported by or under the proximate control of such person during the commission or attempted commission of a crime of violence, as herein defined, then such person shall be fined $50,000 and imprisoned not less than twenty (20) years nor more than twenty-five (25) years. The foregoing applicable penalties provided for violation of this section shall be in addition to the penalty provided for the commission of, or attempt to commit, the crime of violence.

. . . .

---

[14] Def.'s Reply 3.

[15] Def.'s Reply 4.

*People of the Virgin Islands v. Ja'Haile Clendinen*
Case No. ST-2023-CR-00066
**Memorandum Opinion and Order**
**Page 4 of 7**

2024 VI Super 33U

(f) Whoever, unless authorized by law, has, possesses, bears, transports or carries, either openly or concealed, on or about his person, or under his control in any vehicle, of any description, any firearm as defined in title 23, section 451(f) of this code and any assault weapon as defined in subsection (d), or any weapon that can be converted along with a conversion kit, loaded or unloaded within one thousand feet of the real property comprising a public or private elementary, junior, secondary or vocational school or a public or private college, junior college, or university or a playground or a housing facility owned by a public housing authority or within one thousand feet of a public or private youth center, school bus stop or private youth center or public swimming pool or public beach, is subject to twice the maximum punishment prescribed in subsections (a) and (b) of this section and section 2256(a) and (b) of this chapter.[16]

¶8     Title 14, sections 2256(a) and (b) of the Virgin Islands Code state:

(a) Any person who is not:
(1) a licensed firearms or ammunition dealer; or
(2) officer, agent or employee of the Virgin Islands or the United States, on duty and acting within the scope of his duties; or
(3) holder of a valid firearms license for the same firearm gauge or caliber ammunition of the firearm indicated on such license; and
(4) who possesses, sells, purchases, manufactures, advertises for sale, or uses any firearm ammunition
is guilty subject to imprisonment for up to seven years or a fine not more than $10,000 to both fine and imprisoned.

(b) Any person who, unless authorized by law possesses, sells, purchases, manufactures, advertises for sale, or uses armor piercing or exploding ammunition for use in a firearm shall be guilty of a felony and shall be fined not less than $15,000 and imprisoned not less than fifteen years.[17]

### B. Void for vagueness doctrine

¶9     The Virgin Islands Supreme Court provided in *Codrington v. People*[18] that:

"[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." Therefore, a statute "is unconstitutionally vague if it 'fails to provide a person of ordinary intelligence fair notice of what

---

[16] 14 V.I.C. §§ 2253(a)-(b), 2253(f).

[17] 14 V.I.C. §§ 2256(a)-(b).

[18] 57 V.I. 176 (V.I. 2012).

is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement.'"[19]

### III.   ANALYSIS

#### A.  Neither § 2253(a) nor § 2253(f) are unconstitutionally vague.

¶10     Clendinen does not argue that either § 2253(a) or § 2253(f) are vague as to what conduct they prohibit. Rather, he argues that they authorize discriminatory enforcement because, in his view, they do not provide a maximum sentence and are otherwise confusing as to the sentence range they impose. The Court, however, is not of the view that the sentencing range is confusing or otherwise vague. Section 2253(a) plainly sets a minimum of ten (10) years, along with a fine range of $10,000-$15,000. That section goes on to state, without a break in the sentence, that if there are aggravating factors (such as whether the possessor of the weapon is a felon or committed a violent crime), this minimum is raised to fifteen (15) years and the fine is raised to $25,000. The section then caps the sentence at twenty (20) years and then there is a period.

¶11     As is common in sentencing ranges, the minimum end of the range is provided first, and the maximum is provided last. This reading is bolstered by the fact that the entirety of the range is provided for in one single run-on sentence. It is also bolstered by logic. It is sensible that aggravating factors would increase the minimum sentence. Additionally, it is sensible that committing the crime absent aggravating factors would not result in a sentence higher than a sentence with aggravating factors, such as life in prison.[20] The section of the statute from "except that" to "15 years" simply provides a conditional within the sentence that raises the minimum level but does not separate the maximum end of the range from the initial minimum set with "ten years", such that the range provided for in the whole of the sentence can be understood to be '10 years and a fine (but if there are these additional factors, 15 years and a larger fine) to 20 years.'

¶12     Section 2253(f) is likewise not vague, as it merely doubles the range already provided for in § 2253(a) if the unauthorized possession of the firearm occurs near certain property—namely, property children or other minors are likely to be in or near, such as schools, playgrounds, or youth centers. Section 2253(f) clearly references "subsection (a) of this section," which is the range described above, in § 2253(a). It is in essence another aggravating factor conditional—'if the crime is additionally committed in a place where there are likely minors, multiply the sentencing range by two (2) and use that.' Likewise, if the crime committed is the one outlined in § 2253(b)—Unauthorized Possession of a Firearm that is a machine gun, sawed-off, or assault rifle (a more specific act than subsection (a))—then subsection (f) doubles the ranges provided therein.

---

[19]*Id.* at 187 (quoting first *Kolender v. Lawson*, 461 U.S. 352, 357 (1986); then *LeBlanc v. People*, 56 V.I. 536, 541 (V.I. 2012)).

[20] As Clendinen points out, a statute absent a maximum sentence has been interpreted by some courts as imposing a maximum sentence of life in prison. *See, e.g., Lee v. United States*, Civil Action No. 16-4709 (SDW), 2018 U.S. Dist. LEXIS 159910, at *9-10 (E.D. Pa. Sept. 19, 2018) (collecting cases). It would not be a reasonable reading of the statute to conclude that unauthorized possession of a gun may result in ten (10) years to life, but unauthorized possession of a gun with aggravating factors would only result in fifteen (15) to twenty (20) years.

*People of the Virgin Islands v. Ja'Haile Clendinen*
Case No. ST-2023-CR-00066
**Memorandum Opinion and Order**
**Page 6 of 7**

2024 VI Super 33U

**¶13**    However, § 2253(f) goes a step further and also doubles the ranges provided for in another section of the same chapter, § 2256(a) and (b). Those sections provide ranges of zero (0) to seven (7) years and a fine of up to $10,000 for unauthorized possession of ammunition or, for the more specific act, a fine of $15,000 and a minimum of fifteen (15) years in prison. Section 2253(f) also doubles those ranges if the defendant is charged with them; it is not somehow applying those ranges to § 2253(a). It is sensible to read subsection (f) *in pari materia* with § 2256, as § 2256 itself does not contain an aggravating factor subsection for possession near a school, playground, etc. Additionally, firearms and ammunition are frequently found in conjunction with each other, as the purpose of a firearm is to fire ammunition. Rather than providing for six (6) different maximum penalties, subsection (f) just doubles penalties from another charge (i.e. unauthorized carrying of a firearm, carrying a more specific firearm, unauthorized possession of ammunition, unauthorized possession of a more specific type of ammunition). If the defendant commits one of those offenses near a property with minors, subsection (f) instructs the Court to go to the corresponding offense and double it. The Court views this as the plain and straightforward reading of the statute.

**¶14**    The reading suggested by Clendinen, that possession of a firearm near a school or other place where minors are present suddenly makes the smaller penalties of unauthorized ammunition possession now applicable to § 2253 in addition to the penalties provided in subsections (a) and (b) of that same section is illogical. Section 2256 itself makes no reference to § 2253. As Clendinen points out, reading § 2253(f) in such a convoluted way would result in a "ridiculously confusing" sentencing scheme. However, the plain reading of subsection § 2253(f) is that it is stating 'if the offense occurred in property where there are likely minors, double the punishment to the corresponding offense found in this section as well as the corresponding offense found in the section dealing with ammunition (because where there is an illegal firearm, there is likely illegally ammo).' Not 'if the offense occurred in property where there are likely minors, double the punishment here and make both another subsection and section's punishment scheme also applicable in addition to the penalties outlined above (for no apparent reason and in defiance of rationality and logic).' That would be reading too far into the one word "and" when the plain surface reading of what the word "and" means in subsection (f) not only suffices, but is the only cogent way to understand the sentence. Thus, a defendant facing a maximum of twenty (20) years on account of violating § 2253(a) would be facing only a maximum of forty (40) because they violated subsection (f), *not* a maximum of (40) years *or* a maximum of fifty (50) years (the maximum found in § 2253(b)) *or* a maximum of fourteen (14) years (the maximum found in § 2256(a)) etc.

**¶15**    It is possible to do a tortured reading of many sentences and arrive at strange results. "He invited old friends, Mom and Dad to his law school graduation" could mean that for the writer "his old friends are his parents," but the plain and more rational reading would be that the writer "invited both his old friends and his parents." When the options before the Court are a plain and straightforward reading of a statute that results in a rational, easy-to-understand scheme, or an intricate and convoluted reading of a statute that results in an irrational and unworkable scheme, the answer is simple, do not do the latter. A statute is not "vague" if the Court must abandon its

*People of the Virgin Islands v. Ja'Haile Clendinen*
**Case No. ST-2023-CR-00066**
**Memorandum Opinion and Order**
**Page 7 of 7**

2024 VI Super 33U

common sense to read it. Nor is it "ambiguous" if the readings are between a result that is an unusable or an impractical understanding of the statute and a plain, easy to grasp understanding of the statute.

**¶16** The standards provided by the statutes in each Count are clear and do not promote discriminatory enforcement. Ten (10) to twenty (20) years and a fine for unauthorized possession of a firearm, fifteen (15) to twenty (20) years and a fine when there are aggravating factors, and twice this amount if near a school or other property where there are likely minors. Thus, because he allegedly violated both § 2253(a) and § 2253(f), Clendinen would be facing twenty (20) to forty (40) years (or thirty (30) to forty (40) years if there are shown to be aggravating factors). The Court does not find the statute to be vague in its plain reading and therefore does not find it void.

## IV.    **CONCLUSION**

**¶17** Defendant Clendinen was charged with, *inter alia*, unauthorized possession of a firearm and the unauthorized possession of a firearm near a school. Clendinen challenged the statutes, asserting that the sentencing structure was too vague and therefore void. The Court, however, finds the statutes in its reading to be sufficiently clear in their sentencing structure, and will therefore dismiss Clendinen's challenges to them.

Accordingly, it is

**ORDERED** that the Motion To Dismiss Count 25 Of The Information: Defendant Ja'Haile Clendinen, filed April 25, 2023, is **DENIED**; and it is further

**ORDERED** that the Defendant's Motion To Dismiss Count 26 Of The Information: Defendant Ja'Haile Clendinen, filed April 18, 2023, is **DENIED**; and it is further

**ORDERED** that a copy of this Memorandum Opinion and Order shall be directed to Assistant Attorneys General   Ziska Anderson and Jeremy Weddle; and to Attorneys Adam G. Christian, Carl Williams and Darren John-Baptiste.

DATED: **September 26** , 2024

**DENISE M. FRANCOIS**
Judge of the Superior Court of the Virgin Islands

**ATTEST**:

**TAMARA CHARLES**
Clerk of the Court

BY: _____ 09/27/2024

**LATOYA CAMACHO**
Court Clerk Supervisor _____/_____/_____